UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| v. : | CRIMINAL ACTION NO. |
| : | 07-cr-11 (JCH) |
| SHAMERE McKENZIE : | |
| : | JUNE 15, 2009 |
| Defendant. : | |

**ORDER UNSEALING DOCUMENTS AND GRANTING MOTIONS
TO PROHIBIT NON-PARTIES' REMOTE ELECTRONIC ACCESS TO DOCUMENTS
(Doc. Nos. 263, 266)**

The parties have moved the court for an Order prohibiting non-party remote electronic access to certain documents filed in the instant case, specifically cooperation agreements, the government's memorandum in support of its motion for a downward departure, and sentencing memoranda filed by the defendant.  See Doc. Nos. 263, 266.  At sentencing, the court expressed concern about whether there existed adequate justification to seal these documents under Second Circuit case law.  After the parties expressed concerns about the documents' availability on the internet, the court directed the parties to brief the issue of whether good cause existed to prohibit non-party remote electronic access to documents pursuant to Rule 49.1(e).  On May 27, 2009, the court entered an Order temporarily sealing the documents pending further order of the court.

Pursuant to section 205(c)(3) of the E-Government Act of 2002, 44 U.S.C. § 3501 note, and Rule 49.1(e) of the Federal Rules of Criminal Procedure, the court finds good cause to grant the parties' Motions.  The documents discuss the details of the crimes involved and the nature and circumstances of the defendant's cooperation in this case.  They also include personal information related to the defendant's residence,

employment, and rehabilitation program.  The court finds that any benefit of nonparty remote access to these documents is outweighed by the defendant's interests in her own privacy and safety, and the government's interest in ensuring her continued privacy and safety.

However, because the defendant's cooperation has become publicly known, the court does not find justification to seal the documents from public access entirely. Therefore, the documents that are the subject of the Motions—document numbers 250, 251, 253, 256, 257, and 260—are to be unsealed and maintained in the public case file, but with nonparty remote electronic access to these documents restricted.  See Fed. R. Crim. P. 49.1(e)(2).  That is, the documents shall be accessible remotely <u>only</u> to litigants in the instant case and court personnel.

**SO ORDERED**.

Dated this 15th day of June, 2009, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge